IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/19/2010

```
IN RE                         )
                              )
NNP INVESTMENTS, LLC,         )   CASE NO. 08-37749-H3-11
                              )
        Debtor                )
                              )
```

<u>MEMORANDUM OPINION</u>

The court heard "First Bank's Unopposed Motion To Dismiss" (Docket No. 26) and after consideration of the Response (Docket No. 38) and Amended Response (Docket No. 40) filed by NNP Investments, LLC, Debtor, the pleadings and argument of counsel, the court makes the following Finding of Fact and Conclusions of Law. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Debtor filed a voluntary chapter 11 bankruptcy petition, as a single asset real estate case, on December 2, 2008 and amended its petition on December 15, 2008. First Bank moved to dismiss the instant case with prejudice to refiling for a period of twelve months for Debtor's willful neglect of the prosecution of this case on the basis of Debtor's failure to file monthly operating reports since April 2009 and failure to propose a plan of reorganization. The court notes that although the title of

the motion indicates that the relief requested is unopposed,
Debtor filed its response and amended response.

The notice of the hearing on the instant motion was
given on February 12, 2010 for a hearing date of February 16,
2010.  Movant's counsel appeared at the hearing but offered no
evidence.  Neither Debtor nor its counsel appeared at the hearing
and they contend that adequate notice of the hearing was not
given.  Debtor's counsel represents that he was in Dallas, Texas
conducting hearings on February 11, 12 and 16, 2010.  Further,
the office of counsel for Debtor was closed beginning the evening
of February 11th through February 15, 2010 in light of the
President's Day holiday on February 15, 2010.  Amended Response,
Docket No. 40.

The court takes judicial notice of monthly operating
reports filed through January 2010.  Docket Nos. 27 - 37.  The
court takes judicial notice of Debtor's motion to sell its single
asset, filed on January 19, 2009, and the Agreed Order, resolving
First Bank's objection and approving the sale of the property,
entered on March 11, 2009.  Docket Nos. 11, 12 and 21.  The sale
failed to close and Debtor represents to the court that a
proposed plan was submitted to First Bank earlier this month to
resolve First Bank's claim.  Debtor also represents that its
counsel was advised by counsel for First Bank that First Bank was
considering the proposal.  Amended Response, Docket No. 40.  The
court takes judicial notice that the Disclosure Statement and

2

Plan of Reorganization was filed on February 17, 2010.  Docket

Nos. 41 and 42.  The court finds that Movant has failed to

establish that Debtor willfully neglected the prosecution of this

case.  The court further finds that, at the present time, the

dismissal of the instant case is not in the best interests of

creditors and the estate.

Conclusions of Law

_____     Section 1112(b) of the Bankruptcy Code provides:

> (b)(1) Except as provided in paragraph (2) of this
> subsection, subsection (c) of this section, and section
> 1104(a)(3), on request of a party in interest, and
> after notice and a hearing, absent unusual
> circumstances specifically identified by the court that
> establish that the requested conversion or dismissal is
> not in the best interests of creditors and the estate,
> the court shall convert a case under this chapter to a
> case under chapter 7 or dismiss a case under this
> chapter, whichever is in the best interests of
> creditors and the estate, if the movant establishes
> cause.
>
> (2) The relief provided in paragraph (1) shall not be
> granted absent unusual circumstances specifically
> identified by the court that establish that such relief
> is not in the best interests of creditors and the
> estate, if the debtor or another party in interest
> objects and establishes that--
>
> > (A) there is a reasonable likelihood that a plan
> > will be confirmed within the time frames
> > established in sections 1121(e) and 1129(e) of
> > this title, or if such sections do not apply,
> > within a reasonable period of time; and
> >
> > (B) the grounds for granting such relief include
> > an act or omission of the debtor other than under
> > paragraph (4)(A)--
> >
> > > (i) for which there exists a reasonable
> > > justification for the act or omission; and
> > > (ii) that will be cured within a reasonable

3

period of time fixed by the court.

(3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

(4) For purposes of this subsection, the term 'cause' includes--

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;

4

(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1112(b).

Based upon the above findings and conclusions, the court will a enter separate Judgment in conjunction with this Memorandum Opinion denying the dismissal motion without prejudice.

Signed at Houston, Texas this 19th day of February, 2010.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

5